

**EXHIBIT C**



No. 202.28

## EXECUTIVE ORDER

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

   **WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

   **WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to be continue;

   **NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, for thirty days until June 6, 2020, except as modified below:

- The suspension or modification of the following statutes and regulations are not continued, and such statutes, codes and regulations are in full force and effect as of May 8, 2020:

    o 10 NYCRR 405.9, except to the limited extent that it would allow a practitioner to practice in a facility where they are not credentialed or have privileges, which shall continue to be suspended; 10 NYCRR 400.9; 10 NYCRR 400.11, 10 NYCRR 405; 10 NYCRR 403.3; 10 NYCRR 403.5; 10 NYCRR 800.3, except to the extent that subparagraphs (d) and (u) could otherwise limit the scope of care by paramedics to prohibit the provision of medical service or extended service to COVID-19 or suspected COVID-19 patients; 10 NYCRR 400.12; 10 NYCRR 415.11; 10 NYCRR 415.15; 10 NYCRR 415.26; 14 NYCRR 620; 14 NYCRR 633.12; 14 NYCRR 636-1; 14 NYCRR 686.3; and 14 NYCRR 517;
    o Mental Hygiene Law Sections 41.34; 29.11; and 29.15;
    o Public Health Law Sections 3002, 3002-a, 3003, and 3004-a to the extent it would have allowed the Commissioner to make determination without approval by a regional or state EMS board;
    o Subdivision (2) of section 6527, Section 6545, and Subdivision (1) of Section 6909 of the Education Law; as well as subdivision 32 of Section 6530 of the Education Law, paragraph (3) of Subdivision (a) of Section 29.2 of Title 8 of the NYCRR, and sections 58-1.11, 405.10, and 415.22 of Title 10 of the NYCRR;
    o All codes related to construction, energy conservation, or other building code, and all state and local laws, ordinances, and regulations which would have otherwise been superseded, upon approval by the Commissioner of OPWDD, as applicable only for temporary changes to physical plant, bed capacities, and services provided; for facilities under the Commissioners jurisdiction.

   **IN ADDITION**, I hereby temporarily suspend or modify the following if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, for the period from the date of this Executive Order through June 6, 2020:

- Sections 7-103, 7-107 and 7-108 of the General Obligations Law to the extent necessary to provide that:

    - Landlords and tenants or licensees of residential properties may, upon the consent of the tenant or licensee, enter into a written agreement by which the security deposit and any interest accrued thereof, shall be used to pay rent that is in arrears or will become due. If the amount of the deposit represents less than a full month rent payment, this consent does not constitute a waiver of the remaining rent due and owing for that month. Execution in counterpart by email will constitute sufficient execution for consent;
    - Landlords shall provide such relief to tenants or licensees who so request it that are eligible for unemployment insurance or benefits under state or federal law or are otherwise facing financial hardship due to the COVID-19 pandemic;
    - It shall be at the tenant or licensee's option to enter into such an agreement and landlords shall not harass, threaten or engage in any harmful act to compel such agreement;
    - Any security deposit used as a payment of rent shall be replenished by the tenant or licensee, to be paid at the rate of 1/12 the amount used as rent per month. The payments to replenish the security deposit shall become due and owing no less than 90 days from the date of the usage of the security deposit as rent. The tenant or licensee may, at their sole option, retain insurance that provides relief for the landlord in lieu of the monthly security deposit replenishment, which the landlord, must accept such insurance as replenishment.

- Subdivision 2 of section 238-a of the Real Property Law to provide that no landlord, lessor, sub-lessor or grantor shall demand or be entitled to any payment, fee or charge for late payment of rent occurring during the time period from March 20, 2020, through August 20, 2020; and

- Section 8-400 of the Election Law is modified to the extent necessary to require that to the any absentee application mailed by a board of elections due to a temporary illness based on the COVID-19 public health emergency may be drafted and printed in such a way to limit the selection of elections to which the absentee ballot application is only applicable to any primary or special election occurring on June 23, 2020, provided further that for all absentee ballot applications already mailed or completed that purported to select a ballot for the general election or to request a permanent absentee ballot shall in all cases only be valid to provide an absentee ballot for any primary or special election occurring on June 23, 2020. All Boards of Elections must provide instructions to voters and post prominently on the website, instructions for completing the application in conformity with this directive.

- The suspension of the provisions of any time limitations contained in the Criminal Procedure Law contained in Executive Order 202.8 is modified as follows:

    - Section 182.30 of the Criminal Procedure Law, to the extent that it would prohibit the use of electronic appearances for certain pleas;
    - Section 180.60 of the Criminal Procedure Law to provide that (i) all parties' appearances at the hearing, including that of the defendant, may be by means of an electronic appearance; (ii) the Court may, for good cause shown, withhold the identity, obscure or withhold the image of, and/or disguise the voice of any witness testifying at the hearing pursuant to a motion under Section 245.70 of the Criminal Procedure law—provided that the Court is afforded a means to judge the demeanor of a witness;
    - Section 180.80 of the Criminal Procedure Law, to the extent that a court must satisfy itself that good cause has been shown within one hundred and forty-four hours from May 8, 2020 that a defendant should continue to be held on a felony complaint due to the inability to empanel a grand jury due to COVID-19, which may constitute such good cause pursuant to subdivision three of such section; and
    - Section 190.80 of the Criminal Procedure Law, to the extent that to the extent that a court must satisfy itself that good cause has been shown that a defendant should continue to be held on a felony complaint beyond forty-five days due to the inability to empanel a grand jury due to COVID-19, which may constitute such good cause pursuant to subdivision b of such section provided that such defendant has been provided a preliminary hearing as provided in section 180.80.

**IN ADDITION,** by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I hereby issue the following directives for the period from the date of Executive Order through June 6, 2020:

- There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020.

- Executive Order 202.18, which extended the directive contained in Executive Orders 202.14 and 202.4 as amended by Executive Order 202.11 related to the closure of schools statewide, is hereby continued to provide that all schools shall remain closed through the remainder of the school year. School districts must continue plans for alternative instructional options, distribution and availability of meals, and child care, with an emphasis on serving children of essential workers.



GIVEN under my hand and the Privy Seal of the

State in the City of Albany this

seventh of May in the year two

thousand twenty.

BY THE GOVERNOR

Secretary to the Governor