# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AURACLE HOMES, LLC; FD MANAGEMENT, LLC; BUCKLEY FARMS, LLC; ORANGE CAPITOL, LLC; 216 EAST MAIN STREET MERIDEN, LLC; BD PROPERTY HOLDINGS, LLC; PRIME MANAGEMENT, LLC; AND, HABERFELD ENTERPRISES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NED LAMONT <br><br> Defendant. | 3:20-cv-00829-VAB <br><br><br><br><br><br> JULY 19, 2020 |

## JOINT STIPULATED FACTS FOR HEARING ON PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, ISSUANCE OF PRELIMINARY INJUNCTION

1. In Connecticut, owners of residential real property (hereafter "dwelling unit") who want to let the same (hereafter "landlords") to those wanting to occupy it (hereafter "tenants") are permitted to do so, with or without a written contract (hereafter "lease") for a particular term (hereafter "tenancy").

2. In Connecticut, landlord tenant relations are addressed by CGS §§ 47a-1 through 47a-74.

3. In Connecticut, a lease can provide for the payment of money (hereafter "rent") by the tenant to the landlord.

4. In Connecticut, a landlord and a tenant can agree on a rent for a tenancy in the

absence of a lease.

5. In Connecticut, if the tenant fails to pay the rent, the landlord may terminate the tenancy, and regain possession of the property.

6. In Connecticut, the process the landlord must follow to regain possession includes the service of a Notice to Quit Possession ("Notice to Quit") upon the tenant (C.G.S. § 47a-15a) followed by a summary process eviction action using the procedure described in C.G.S. § 47a-23, *et. seq.* to regain possession of the property.

7. In Connecticut, if a landlord fails to follow the statutory eviction process and dispossesses the tenant of the landlord's property without permission of the tenant or the courts, the landlord would be subject to significant penalty. C.G.S. § 47a-43.

8. The World Health Organization has declared a pandemic virus outbreak, now referred to as COVID-19.

9. The COVID-19 virus reached the United States in early 2020.

10. Defendant Ned Lamont is the elected Governor of the State of Connecticut.

11. On March 10, 2020, Governor Lamont filed a Declaration of Public Health and Civil Preparedness Emergency with the Secretary of State, pursuant to Conn. Gen. Stat. §§ 19a-131a and 28-9.  The Declaration states it is being filed in response to the global pandemic of COVID-19 disease and for the purpose of limiting the spread of COVID-19 coronavirus and protect public safety within the State of Connecticut.  It also states "Orders regarding additional measures to protect public health and safety, including suspension or modification of specific statues, will follow as I determine them to be necessary."

12. On March 13, 2020, the President of the United States declared a national emergency.

13. On March 19, 2020, Governor Lamont issued Executive Order No. 7G, Subsection 2, which states "WHEREAS, in consultation with the Chief Court Administrator on behalf of the Chief Justice of the Supreme Court and the Judicial Branch, I have determined that there exists a compelling state interest that courts conduct only essential business in order to minimize the spread of COVID-19;" and

> Notwithstanding any provision of the Connecticut General Statutes or of any regulation, local rule or other provision of law, I hereby suspend, for the duration of this public health and civil preparedness emergency, unless earlier modified or terminated by me, all statutory (1) location or venue requirements; (2) time requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings; and (3) all time requirements or deadlines related to the Supreme, Appellate and Superior courts or their judicial officials to issue notices, hold court, hear matters and/or render decisions including, but not limited to, the following:
>
> a. All time limitations in Chapters 959, 959a, 960 and 961 of the General Statutes including, but not limited to, C.G.S. § 54-1g concerning the time of arraignments;
> b. and C.G.S. § 54-82m concerning the right to a speedy trial;
> c. All time limitations for rendering judgments in civil actions provided in C.G.S. § 51-183b;
> d. All time limitations concerning civil process, service and return provided in Chapter 896 of the General Statutes;
> e. All statutes of limitations provided in Chapter 926 of the General Statutes;
> f. All time limitations concerning the automatic review of terms of probation provided in C.G.S. § 53a-29(g);
> g. All time constraints for the filing of administrative appeals provided in C.G.S. § 4-183;
> h. All time limitations concerning hearings and rulings pertaining to primary and election disputes provided in Chapter 149 of the General Statutes;
> i. All time limitations in Title 46b of the General Statutes

     including, but not limited to, family, juvenile and child support matters;

  j. All venue and filing requirements including, but not limited to, C.G.S. §§ 51-345, 51-348, 51-352 and 51-353, provided in Chapter 890 of the General Statutes;

  k. The times and places for the sitting of the Superior Court provided in C.G.S. § 51-181;

  l. The notice of sessions provided in C.G.S. § 51-18

14. On March 20, 2020, Governor Lamont issued Executive Order No. 7H.

15. On March 27, 2020, the President of the United States signed the Coronavirus Aid, Relief and Economic Security (CARES) Act. The Act allocated approximately $2.2 trillion toward mitigating the negative economic, health, and safety impacts of the pandemic. Under the Act, funds will be distributed to individuals, families, businesses, public assistance programs, American Indian tribes, and state and local governments.

16. On April 10, 2020, Governor Lamont issued Executive Order No. 7X, Subsection 1, entitled Protections for Residential Renters Impacted by COVID-19. The Order states "WHEREAS, minimizing evictions during this public health period is critical to controlling and reducing the spread of COVID-19 by allowing all residents to stay home or at their place of residence." Additionally:

  a. Section 1(a) modified Conn. Gen. Stat. § 47a-23 to add "(f) No landlord of a dwelling unit, and no such landlord's legal representative, attorney-at-law, or attorney-in-fact, shall, before July 1, 2020, deliver or cause to be delivered a notice to quit or serve or return a summary process action, for any reason set forth in this chapter or in sections 21-80 et seq. of the Connecticut General

           Statues, except for serious nuisance as defined in section 47a-15 of Connecticut General Statutes.

    b.    Section 1(b) provides an automatic 60-day grace period for April rent.

    c.    Section 1(c) provides a 60-day grace period for May rent, upon request by the tenant, indicating "that the tenant needs to delay all or some payment of rent because he or she has become fully or partially unemployed or otherwise sustained a significant loss in revenue or increase in expense as a result of the COVID 19 pandemic."

    d.    Section 1(d) Modified Conn. Gen. Stat. § 47a-21(m) to provide that any security deposit in excess of one month's rent can be used by the tenant to pay April, May or June 2020 rent. The landlord cannot demand that the security deposit in excess of one month be restored earlier than the later of the end of the public health and civil preparedness emergency declared on March 10, 2020, or the date the rental agreement is extended or renewed.

    e.    Executive Order 7X also states "[e]xcept as expressly provided herein, nothing in this order shall relieve a tenant of liability for unpaid rent or the obligation to comply with other terms of a rental agreement or statutory obligations pursuant to Connecticut law.

17.    Buckley Farms LLC owns real property located at 206 Crown Street, Meriden, Connecticut. On behalf of Buckley Farms LLC, Haberfeld Enterprises, LLC ("landlord") leases and manages 206 Crown Street, 3rd Floor, Meriden, CT. The landlord has a written lease agreement with tenants, requiring the payment of rent,

and providing for penalties for a tenant failing to pay rent on time. Tenants have not paid rent for the months of April and May 2020 presumably due to Executive Order 7X, Haberfeld Enterprises, LLC is precluded from serving the tenant with a Notice of Quit Possession of the dwelling unit until at least August 22, 2020.

18. 216 East Main Street Meriden LLC ("landlord") owns the real property located at 216 East Main Street, Meriden, Connecticut. The landlord has an oral lease agreement with a tenant to rent Unit #2 of 216 East Main Street, Meriden, Connecticut, requiring the payment of rent. The tenant did not pay rent for at least the months of March, April and May 2020. The tenant was served a Notice to Quit on March 14, 2020. 216 East Main Street Meriden LLC served a Summons for Summary Process Eviction, Complaint, Return of Service and copy of the Notice to Quit on tenant on March 27, 2020. Due to the Governor's Executive Order 7X, 216 East Main Street Meriden LLC is prohibited from returning its Summary Process Complaint for Eviction to the Court and attempt to regain possession of Unit #2 until at least August 22, 2020.

19. 216 East Main Street Meriden LLC ("landlord") has an oral lease agreement with a tenant to rent Unit #3 of 216 East Main Street, Meriden, Connecticut 06450 requiring the payment of rent. The tenant failed to pay rent on March 1, 2020 and was served a Notice to Quit on March 14, 2020 for nonpayment of rent. A Summons for Summary Process Eviction, Complaint, Return of Service and copy of the Notice to Quit were returned to the Meriden Superior Court, Judicial District of New Haven on April 1, 2020, Case #NNI-CV20-6019833-S. Due to Executive Order 7G, suspending all

statutory time requirements relating to service of process, court proceedings or court filings, 216 East Main Street Meriden LLC has not been able to pursue a judgment against the tenant and attempt to regain possession of Unit #3.

20. 216 East Main Street Meriden LLC ("landlord") has a written lease agreement with a tenant to rent Unit #4 of 216 East Main Street, Meriden, Connecticut 06450 requiring the payment of rent and providing for penalties for a tenant failing to pay rent on time. The tenant failed to pay rent on February 1, 2020 and has failed to pay rent for at least March, April and May 2020. Tenant was served a Notice to Quit for lapse of time on March 14, 2020. On April 1, 2020 Tenant was served a Summons for Summary Process Eviction and complaint. The summons, complaint, copy of the Notice to Quit, and return of service were returned to Meriden Superior Court, Judicial District of New Haven on April 2, 2020, Case #NNI-CV20-6019842-S. Due to the Executive Order 7G, suspending all statutory time requirements relating to service of process, court proceedings or court filings, 216 East Main Street Meriden LLC has not been able to pursue a judgment against the tenant and attempt to regain possession of Unit #4. (It is possible that with the recent issuance of Executive Order 7DDD, the Plaintiff may no longer be precluded from pursuing an action, however Executive Order 7G may still act as a bar to state court action.)

21. 216 East Main Street Meriden LLC ("landlord") has a written lease agreement with tenant to rent Unit #6 of 216 East Main Street, Meriden, Connecticut 06450 requiring the payment of rent and providing for penalties for a tenant failing to pay rent on time. The tenant failed to pay rent and was served a Notice to Quit on October 31,

2019. On November 6, 2019, a Summons for Summary Process Eviction, Complaint and copy of the Notice to Quit were served on the tenant. The summons, complaint, copy of the Notice to Quit and return of service were filed with the Meriden Superior Court, Judicial District of New Haven on November 12, 2019, Case #NNI-CV19-6018416-S. A Motion for Default for Failure to Appear and Judgment of Possession was filed by the Plaintiff on March 12, 2020. Due to the Governor's Executive Order 7G suspending all statutory time requirements relating to service of process, court proceedings or court filings, landlord has not been able to pursue a judgment against the tenant, and attempt to regain possession of Unit #6. (It is possible that with the recent issuance of Executive Order 7DDD, the Plaintiff may no longer be precluded from pursuing an action, however Executive Order 7G may still act as a bar to state court action.)

22. 216 East Main Street Meriden LLC ("landlord") has an oral lease agreement with tenant to rent Unit #7 of 216 East Main Street, Meriden, Connecticut 06450 requiring the payment of rent. The Tenant did not pay rent for at least the months of March, April, and May 2020. Due to the Governor's Executive Order 7X the landlord is not permitted to serve a Notice to Quit on the Tenant. But for Executive Order 7X, 216 East Main Street Meriden LLC would have served a Notice to Quit on the tenant of Unit #7.

23. 216 East Main Street Meriden LLC ("landlord") has a written lease agreement with tenant to rent Unit #10 of 216 East Main Street, Meriden, Connecticut 06450 requiring the payment of rent. The Tenant did not pay rent for at least the months of

March 2020, and Tenant of Unit #10 told 216 East Main Street Meriden LLC that he did not have to pay rent for the months of April and May of 2020 because of Executive Order 7X. Due to the Governor's Executive Order 7X the landlord is not permitted to serve a Notice to Quit on the Tenant until August 22, 2020. But for Executive Order 7X, 216 East Main Street Meriden LLC would have served a Notice to Quit on the tenant of Unit #10.

24. BD Property Holdings LLC owns real property located at 191 Sherman Avenue, New Haven, Connecticut. On behalf of BD Property Holdings LLC, Prime Management, LLC ("landlord") leases and manages 191 Sherman Ave., 2nd Floor, New Haven, CT. Prime Management, LLC has a written lease agreement with tenants to rent the 2nd floor of 191 Sherman Avenue, New Haven CT 06511, requiring the payment of rent and providing for penalties for a tenant failing to pay rent on time. Tenants did not pay rent for at least the months of March, April and May 2020. Prime Management, LLC served a Notice to Quit on the tenants. Because of Executive Order 7X, Prime Management, LLC is precluded from serving and returning a Summary Process Complaint for Eviction until August 22, 2020. But for Executive Order 7X, Prime Management, LLC would have served a Notice to Quit on the tenant of 191 Sherman Ave., 2nd Floor, New Haven, CT.

25. Prime Management, LLC ("landlord") has a written lease agreement with a tenant to rent the 1st floor of 191 Sherman Avenue, New Haven, CT, requiring the payment of rent and providing for penalties for a tenant failing to pay rent on time. The tenant did not timely pay rent due on May 1, 2020. Due to the Governor's

Executive Order 7X Prime Management, LLC was precluded from serving a Notice to Quit on the tenant for nonpayment of rent until August 22, 2020. But for Executive Order 7X, Prime Management, LLC would have served a Notice to Quit on the tenant of 191 Sherman Ave., 1st Floor, New Haven, CT.

26. Haberfeld Enterprises, LLC owns real property located at 146 Pine Street, Bristol, Connecticut. Haberfeld Enterprises, LLC ("landlord") has a written lease agreement with a tenant to rent the 3rd floor of 146 Pine Street, Bristol, CT. Tenant did not pay rent for February, March, April and May 2020. Due to the Governor's Executive Order 7X, landlord is precluded from serving a valid Notice to Quit on the tenant for nonpayment of rent. But for Executive Order 7X, Haberfeld Enterprises, LLC would have served a valid Notice to Quit on the tenant of the 3rd Floor of 146 Pine Street, Bristol, Connecticut.

27. On June 29, 2020, the Defendant issued Executive Order 7DDD which, among other things: extended the prohibition of the service of notice to quit or a summary process action to August 1, 2020; suspended the legality of previously served and otherwise legal notice(s) to quit that did not specify a particular time period. The Order also states, in part: "WHEREAS, in order to keep people safely in their homes and avoid increasing homelessness and the associated risk of COVID-19 transmission, Executive Order 7X, Section 1 provided temporary relief from statuary eviction proceedings; and WHEREAS, continued economic disruption could increase homelessness and associate risk of COVID-19 transmission unless certain relief measure provide in Execution Order N. 7X are continued." Subsection 1 extended

the suspension of service for notices to quit and to serve or return a summary process action, except for nonpayment of rent due on or prior to February 29, 2020 or for serious nuisance, until August 22, 2020.

28. The State of Connecticut, Department of Housing launched the Temporary Rental Housing Assistance Program on July 15, 2020, making $10,000,000.00 available to renters to prevent eviction actions.

29. The Plaintiffs can and would exercise their rights to issue notices to quit, initiate summary process actions, and attempt to regain possession of their properties, but for the risk of legal sanctions under the State's laws.

Dated: JULY 19, 2020                    Respectfully submitted,

                                                */s/Craig C. Fishbein*
Craig C. Fishbein, Esq. (ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
E-mail: ccf@fishbeinlaw.com

                                                */s/Doug Dubitsky*
Doug Dubitsky, Esq. (ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.933.9495
Facsimile: 866.477.1120
Email: doug@lawyer.com

   */s/ Cara Christine Pavalock-D'Amato*
Cara Christine Pavalock-D'Amato, Esq.
(ct29967)
LAW OFFICE OF CARA C. PAVALOCK
17 Riverside Avenue
Bristol, CT 06010
Telephone: 754.444.8803
Email: carapavalock@gmail.com

Attorneys for the Plaintiffs


   */s/ Maria C. Rodriguez*
Maria C. Rodriguez Assistant Attorney General
Federal Bar No. ct08946
165 Capitol Avenue,
4th Floor Hartford, CT 06106
Tel: (860) 808-5050
Fax: (860) 808-5388
Email: Mariac.rodriguez@ct.gov


   */s/ Philip Miller*
Phil Miller
Assistant Attorney General
Federal Bar No. ct25056
165 Capitol Avenue,
5th Floor Hartford, CT 06106
Tel: (860) 808-5020
Fax: (860) 808-5347
Email: Phil.Miller@ct.gov

Attorneys for the Defendant