**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**


AURACLE HOMES, LLC., ET AL.,  :  CIVIL ACTION NO.  3:20-CV-829(VAB)
  *Plaintiffs,*     :
            :
  v.         :
            :
NED LAMONT      :
  *Defendant*     :  OCTOBER 6, 2020


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO STAY DISCOVERY AND FILING OF RULE 26(f) REPORT**
**PENDING RULING ON MOTION TO DISMISS AMENDED COMPLAINT**

The defendant, Governor Ned Lamont, submits this memorandum in support of his

motion to stay all discovery and the filing of the Rule 26(f) report in this matter until this Court

rules on the Defendant's Motion to Dismiss the Amended Complaint, which was filed on

October 5, 2020.  See ECF # 44.  The plaintiffs consent to this motion to stay discovery and

filing of 26(f) report.

It is well settled that this Court has discretion under Rule 26(c) "to stay the Rule 26(f)

requirements and discovery" pending resolution of a pending motion to dismiss. *Turner v.

Zickefoose*, No. 3:08-CV-01180(DJS), 2009 WL 2983190 at *3 (D. Conn. Sept. 14, 2009)

(granting stay while Motion to Dismiss pending).  Such a stay may be granted for "good cause"

under Rule 26(c) and "good cause may be shown where a party has filed (or sought leave to file)

a dispositive motion." *Cuartero v. United States*, 3:05-CV-1161(RNC) (DFM), 2006 WL

3190521 at * 1 (D. Conn. Nov. 1, 2006).

A stay of discovery is appropriate in this case because the Governor has filed a motion to

dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction based Eleventh

Amendment immunity and mootness. The motion to dismiss further asserts that qualified

immunity bar plaintiffs' individual capacity claims for damages, and all claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim.

## PROCEDURAL BACKGROUND

Plaintiffs claim that many of Governor Lamont's Executive Orders, issued pursuant to Conn. Gen. Stat. §§ 28-9 and 19a-131 to try to control the spread of the coronavirus pandemic in Connecticut, violate their state and federal constitutional rights. Plaintiffs filed their Complaint on June 16, 2020. (ECF No. 1).  On June 30, 2020, plaintiffs filed an Amended Complaint. (ECF No. 23).

The Amended Complaint contains five Counts.  The plaintiffs' Amended Complaint Counts are as follows: Count 1 claims a violation of the Equal Protection Clause on the grounds that "the rights of landlords of commercial properties are undistributed."  Am. Compl. ¶¶ 41-48. Count 2 claims a Contract Cause violation claiming EO 7X interferes with their leases and agreements entered prior to the EO.  Am. Compl. ¶¶ 49-57.  Count 3 claims a violation of the plaintiff's right to Due Process claiming they have been deprived of liberty and property without due process of law.  Am. Compl. ¶¶ 58-63.  Count 4 claims a Taking Clause violation calming the EO 7X the plaintiffs' have at least temporarily lost all economically beneficial use of their real and personal property.  Am. Compl. ¶¶ 64-77.  Count 5 claims the Governor did not have the legal authority to issue EO 7G or 7X and claims his actions were *ultra vires* conduct.  Am. Compl. ¶¶ 78-90.  The first four counts are against Governor Ned Lamont in his official capacity and the last count is against Ned Lamont in his official and individual capacity.  Am. Compl. ¶ 89.  By way of relief, plaintiffs seek injunctions, declaratory judgments that the acts complained of are unconstitutional, damages, costs and attorneys' fees. On October 5, 2020, the Governor

moved to dismiss plaintiffs' Amended Complaint in its entirety under Rules 12(b)(1) and

12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

## ARGUMENT

I.    **THIS COURT SHOULD STAY ALL DISCOVERY AND THE 26(f) REPORT UNTIL IT RULES ON GOVERNOR LAMONT'S MOTION TO DISMISS RAISING SUBJECT MATTER JURISDICTIONAL AND IMMUNITY GROUNDS, AMONG OTHERS.**

"Rule 26 is often invoked to avoid potentially expensive and wasteful discovery during

the pendency of a determination which could potentially reshape pending claims" by granting a

stay pending resolution of a motion to dismiss.  *ITT Corp. v. Travelers Cas. & Sur. Co.,* No.

3:12CV38 (RNC), 2012 WL 2944357 at *2 (D. Conn. 7-18-12) (Martinez, M.J.) (quotation

marks omitted). A stay of discovery and the filing of the 26(f) report is warranted in this case

because (1) the defendants have strong grounds for dismissal of plaintiffs' claims based on lack

of subject matter jurisdiction and failure to state a claim, (2) discovery would be broad and

extremely burdensome for the Governor while he and his administration are attempting to deal

with a pandemic; and (3) plaintiffs would not be prejudiced by the temporary limited nature of

the requested stay.

Under Rule 26, courts have discretion "to stay the Rule 26(f) requirements and

discovery" pending resolution of a pending motion to dismiss. *Turner*, No. 3:08-CV-

01180(DJS), 2009 WL 2983190 at *3, 4 (D. Conn. Sept. 14, 2009) (granting stay); *Estate of

Nunez-Polanco v. Boch Toyota*, 3:03-CV-2251(WWE), 2004 WL 2063406 *1 (D. Conn. July 21,

2004) (same). Such a stay may be granted for "good cause" under Rule 26(c) and "good cause

may be shown where a party has filed (or sought leave to file) a dispositive motion." *Cuartero v.

United States*, 3:05-CV-1161(RNC) (DFM), 2006 WL 3190521 at * 1 (D. Conn. Nov. 1, 2006).

In evaluating a motion to stay discovery, courts consider the following factors: "the strength of the dispositive motion that is the basis of the discovery stay application," "the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *ITT Corp.,* 2012 WL 2944357, at *2. Here, each of these factors weighs in favor of granting the requested stay.

A.     **The Defendant's Motion To Dismiss Is Strong**.

With regard to the first factor, "[a] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.'" *ITT Corp.,* 2012 WL 2944357, at *2 (quoting *Johnson v. New York Univ. School of Education*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); brackets omitted). *See also Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554 at *4-6 (S.D.N.Y. 1-28-16) (granting motion to stay discovery pending decision on motion to dismiss where *inter alia* an initial review suggested no argument was frivolous). The Governor's Motion to Dismiss the Amended Complaint easily satisfies this factor.  It alleges substantial grounds for dismissal based on this Court's lack of subject matter jurisdiction, the Governor's qualified immunity, and the plaintiffs' failure to state a claim.

With regard to lack of jurisdiction, the Governor argues that this Court lacks subject matter jurisdiction over plaintiffs' claims based on Eleventh Amendment immunity and mootness. The Supreme Court has long recognized that when a defendant moves to dismiss an action for lack of jurisdiction, the jurisdictional issues "must be considered and decided, before any court may move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." *State of Rhode Island v. Commonwealth of Massachusetts*, 37 U.S. 657, 718 (1838); *see also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998)

("[w]ithout jurisdiction, the court cannot proceed at all in any cause.").  Consistent with that principle, "[c]ourts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue."  *Wyers Products Grp. v. Cequent Performance Products, Inc.*, No, 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (citing *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005).

In addition to the jurisdictional bars, qualified immunity bar plaintiffs' claims to the extent that they are challenging the Governor's authority to issue the Executive Orders or seeking damages against him in his individual capacity. As the Supreme Court has cautioned, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). "Until this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

A court may also "stay discovery while addressing a motion to dismiss for failure to state a claim." *Orlando Residence, Ltd. v. GP Credit Co, LLC*, No. 04-C-439, 2006 WL 2849866 at *7 (E.D. Wisc. Sept. 29, 2006) (citing *Indep. Order of Foresters v. Donald, Lufkin and Jenrette, Inc.*, 157 F.3d 933, 935 (2d Cir. 1998)). Here, in addition to the above-cited jurisdictional bars and immunities, the Governor has strong grounds for seeking dismissal based on plaintiffs' failure to state a claim.  Although plaintiffs allege numerous purported constitutional violations, they fail to allege facts establishing the essential elements of the constitutional violations that they assert. They also allege state law violations that are subject to dismissal under *Pennhurst* based on the Eleventh Amendment. Given the plaintiffs' failure to state a claim, this Court's lack

of subject matter jurisdiction, and the Governor's qualified immunity, the Governor's motion to dismiss has "substantial" grounds that support a stay of discovery.

      **B.**      **The Breadth Of The Discovery Sought Is Likely To Be Large And The Burden Of Responding Onerous.**

The breadth of anticipated discovery and the burden of responding also support a stay of discovery in this case. "Permitting discovery to proceed at this point would be unduly burdensome to the [Governor] and would be inefficient for both parties, since the court's decision on the Motion to Dismiss may significantly narrow the issues" or obviate the need for discovery at all. *Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521 at *3 (D. Conn. Nov. 1, 2006). When "disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, 96-CV-4489(PKL), 1997 WL 86394 at * 1 (S.D.N.Y Feb. 27, 1997).  That is the situation here.

Plaintiffs are challenging the Governor's Executive Orders at a time when the Governor and his administration are attempting to deal with a pandemic. Discovery that plaintiffs will likely seek on these allegations will require the Governor's Office to devote considerable time to reviewing and compiling responsive data at a time when the resources of the Governor, the Attorney General's Office, and the administration as a whole are stretched thin due to the demands of responding to the pandemic and working remotely. Under the circumstances, the burden on the Governor and his administration will be onerous.  This factor weighs in favor of the stay.  *See Magassa v Wolf*, 2020 WL 2307477 at *1 (W.D. Wash. 5-8-20) (granting government's motion to stay discovery pending decision on pending motions to dismiss where the government argued *inter alia* that a "stay would relieve the Government from unnecessary

discovery while operations are impaired during the COVID-19 pandemic…sovereign immunity would be lost.")

C.    **Plaintiffs Will Not Be Prejudiced By A Temporary Stay.**

Under the circumstances, any "prejudice to plaintiff[s] from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss." *Caurtero*, 2006 WL 3190521 at *3.  However, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera*, 1997 WL 86394 *1.  *See also, Wyers Products Group*, 2013 WL 2466917 *3 (plaintiff's "interest in proceeding expeditiously… is overcome by the burden [defendant] might face if it were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction.") Moreover, as discussed, the Governor's motion to dismiss is "not . . . insubstantial," and "at this early stage of the proceedings, . . . the need for the court to give careful scrutiny to the issues raised by [the] motion[ ] to dismiss prior to authorizing full discovery, should prevail" over any possible prejudice that plaintiffs might assert. *New York v. Grand River Enterprises Six Nations, Ltd*., No. 14-CV-910A(F), 2015 WL 686819 at *3 (W.D.N.Y. Feb. 18, 2015) (stay granted contrary to plaintiff's wishes); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance, Ltd*. 297 F.R.D. 69, 75 (S.D.N.. 2013) (stay granted recognizing there may be some prejudice to plaintiff).

**CONCLUSION**

For the foregoing reasons, the Governor respectfully requests that this Court grant this motion and stay all discovery and the Rule 26(f) report requirement until after this Court rules on the Defendant's Motion to Dismiss the Amended Complaint.

Respectfully submitted,

DEFENDANT

GOVERNOR NED LAMONT

WILLIAM TONG
ATTORNEY GENERAL

BY:     */s/ Maria C. Rodriguez*
        Maria C. Rodriguez (ct08946)
        Philip Miller (ct25056)
        Assistant Attorneys General
        Attorney General's Office
        165 Capitol Avenue, 4th Floor
        Hartford, CT  06106
        Tel: (860) 808-5050
        Fax: (860) 808-5388
        Email: Mariac.rodriguez@ct.gov
        Email: Philip.Miller@ct.gov

## CERTIFICATION

I hereby certify that on October 5, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Maria C. Rodriguez*
Maria C. Rodriguez
Assistant Attorney General